UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20044-Cr-Huck/O'Sullivan

UNITED STATES OF AMERICA

v.

RICARDO FIGUEREDO,
          Defendant.
_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR ISSUANCE OF ORDER OF RESTITUTION

The United States submits this unopposed motion for the issuance of an order of restitution and states as follows:

1. After consulting with Bank of America, the government has calculated the total loss to equal $29,901,523.47.

2. This amount constitutes the sum misappropriated from 22 separate victim accounts. This amount also is substantially consistent with the evidence presented at sentencing.

    a. As the Court may recall, at sentencing the government called Kenneth Vega, an investigator from Bank of America, who identified a spreadsheet that contained the Bank's calculations of the net loss amount. The spreadsheet indicated that the aggregate net loss reported by the victims who had contacted the Bank – through either meetings with the Bank or claims and lawsuits – amounted to $29,649,419.47.

    b. That figure, however, did not include the loss incurred by a victim with whom the Bank has not made contact. According to the defendant's admission to the Bank, the

defendant misappropriated $252,104.00 victim. Accordingly, the government has added that sum to the amount reported by the victims with whom that Bank has been in contact, yielding the total of $29,901,523.47.

3.  The government has conferred with counsel for the defendant, David Edelstein, Esq. Mr. Edelstein does not oppose the imposition of a restitution order in the amount set forth in the set forth in the previous paragraph.

4.  The government will be sending the victim list by separate e-mail to United States Probation Officer Ricardo Garcia. The government respectfully requests that the amended judgment simply set forth the total restitution amount of $29,901,523.47, without naming the individual victims and the specific amounts owed to each victim in the judgment. Rather, the Probation Office would simply provide the victim list to the Clerk of the Court, who would make payments upon the receipt of funds from the defendant. The government requests that the Court frame the judgment in this manner in order to: (a) protect the privacy of the victims and (b) prevent them from being subject to any harassment or risk of danger to any perceived wealth due to the fact of their prior control of the bank accounts in this case.

5.  At the time of sentencing, the Court requested that the government also address the impact upon the restitution order of payments made by Bank of America to the victims for sums misappropriated by the victims. Section 3664(j)(1) of Title 18 of the United States Code addresses this situation, stating as follows:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, **but the restitution order shall provide that all restitution of victims required by the order be paid to the victims**

> **before any restitution is paid to such a provider of compensation**
> (emphasis added).

6. The government thus recommends that the amended judgment contain the following language to address the impact of §3664(j)(1) upon any compensation made to the victims by Bank of America:

> If a victim has received compensation from Bank of America, or any successor or insurer with respect to a loss, Bank of America (or its successor or insurer) shall be entitled to the victim's restitution in the amount that the Bank of America (or its successor or insurer) has paid to the victim. However, all restitution of victims required by the restitution order in this case must be to the victims before any restitution is paid to Bank of America (or its successor or insurer). That is, the $29,901,523.47 owed to the victims in this case must be paid to the victims, whether from funds disbursed by the Clerk of the Court and/or from Bank of America (or its successor or insurer), before any restitution is paid to Bank of America (or its successor or insurer).

7. The government intends to use the following procedure through which Bank of America or its successor or insurer (hereinafter "the Bank") can be substituted for a victim for compensation paid to any such victim:

   a. Bank of America (or its successor or insurer) should send the relevant proof of payment and release documents, along with an accompanying cover letter, to:

   > Office of the U.S. Attorney
   > Attention: Financial Litigation Unit
   > 99 N.E. 4th Street
   > Suite 300
   > Miami, FL  33132

   b. On the cover letter, Bank of America (or its successor or insurer) should provide the case style and case number (*U.S. v. Ricardo Figueredo*, Case No. 09-20044-Cr-Huck), along with a statement explaining that enclosed documents relate to the providing of

compensation to a victim owed restitution by the defendant and that, pursuant to 18 U.S.C. §3664(j)(1), the Bank is seeking to be substituted in place of the compensated victim for purposes of payment of restitution, to the extent paid to the victim.

      c.      After the government is satisfied that the documents establish that the Bank has paid the relevant compensation to a victim, the government will file a **sealed** motion with the court to substitute the Bank to the extent paid to the victim.  The government has requested that the Bank's letter to the government indicate that any motion to substitute the Bank in place of a victim needs to be filed **under seal** in order to protect the privacy of the relevant victim and to prevent the victim from being subject to any harassment or risk of danger to any perceived wealth due to the fact of their prior control of the substantial sums in the victim's bank account in this case.

7.      The government has served a copy of this motion upon counsel for Bank of America, J. Randolph Liebler, Esq., and Scott J. Anderson, Esq., both of whom are with the law firm of Liebler , Gonzalez, & Portuondo, P.A., 44 W Flagler St., Suite 2500, Miami, Florida  33130-6808 (phone: 305-379-0400).[1]

8.      As noted above, the defendant's attorney, Mr. Edelstein, does not oppose the imposition of an order of restitution consistent with this motion.  Accordingly, the parties believe that the Court can enter the restitution order without a hearing.   The government requests that pursuant to 18 U.S.C. §3664(d)(5), the Court enter the restitution order by July 13, 2009, which is 90 days after the imposition of sentencing.  Mr. Edelstein will secure a written waiver from his client

---

[1] Mr. Liebler's e-mail address is: jrl@lgplaw.com.  Mr. Anderson's e-mail address is: sja@lgplaw.com.

and file it in the Court file.  Because the defendant is no longer housed at the Federal Detention Center and is presently in transit, Mr. Edelstein may experience some delay in being able to contact his client for the waiver.

    Respectfully submitted,

    JEFFREY H. SLOMAN
    UNITED STATES ATTORNEY

    /s/ Michael S. Davis
    MICHAEL S. DAVIS
    ASSISTANT UNITED STATES ATTORNEY
    FL BAR # 972274
    99 N.E. 4th Street
    Miami, Florida 33132
    (305) 961-9027 (phone); (305) 530-6168 (fax)
    E-mail: Michael.Davis2@usdoj.gov

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that I electronically filed a copy of this document with the Clerk using CM/ECF.  I also have served a copy on Messrs. Liebler and Anderson at the e-mail address set forth in footnote 1 of this submission.

    /s/ Michael S. Davis
    MICHAEL S. DAVIS
    ASSISTANT UNITED STATES ATTORNEY